## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 06-167 (RBW) |
| : | |
| v. : | |
| : | |
| NATHANIEL TAYLOR, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 77 months of imprisonment, followed by 2 years of supervised release. In support thereof, the United States respectfully states the following:

Background

1.  On June 2, 2006, at about 9:55 p.m., officers of the Metropolitan Police Department ("MPD") were conducting covert operations in reference to citizen complaints of prostitution activity in the 900 block of Taylor Street, N.W., Washington, D.C. The defendant Nathaniel Taylor and his friend drove into the block in his friend's Toyota Camry, which was occupied by the defendant in the front passenger seat and his friend, who was the driver. While in the 900 block of Taylor Street, N.W., the defendant Nathaniel Taylor engaged in a conversation with an undercover officer in which the defendant inquired about the undercover officer performing a sexual act on the defendant in exchange for money. After an agreement was made between the undercover officer and the

defendant, the undercover officer gave a pre-arranged signal, at which time arrest teams stopped the defendant in the vehicle. The defendant was arrested. A search incident to arrest revealed a ziplock bag with 3 smaller ziplock bags containing a white rock substance that was later determined to be crack cocaine. MPD officers also recovered $380 in U.S. Currency from the defendant's right rear pocket. The defendant was seen moving his body as if trying to conceal an object under the passenger seat. The driver of the vehicle consented to a search of the vehicle. While searching the floorboard below the passenger seat where the defendant had been seated, the officers recovered a bag containing a loaded Hi-Point .45 caliber semi-automatic handgun, bearing serial number X400740, and containing one round of ammunition in the chamber and seven rounds in the magazine. The bag with the gun was found toward the side and under the seat where the defendant had been seated. At the time of the defendant's arrest in this matter, the defendant had previously been convicted on April 10, 1996, of possession of a firearm by a person previously convicted of a crime punishable by more than a year imprisonment, in United States District Court for the District of Columbia, Criminal Case No. 95-336, an offense punishable by more than one year imprisonment. Neither the firearm nor the ammunition recovered in this case was manufactured or produced in the District of Columbia.

  2.  On June 15, 2006, the defendant was charged by indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) (hereinafter, "felon in possession of a firearm" or "Count One"); and Simple Possession of a Controlled Substance, in violation of Title 21, United States Code, Section 844(a) ("Count

Two").

3. The defendant pled guilty pursuant to the government's plea offer on January 19, 2007, to Count One of the indictment, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). Under the plea agreement, the defendant agreed to accept responsibility for possessing a Hi-Point .45 caliber semi-automatic handgun, bearing serial number X400740, loaded with one round of .45 caliber ammunition in the chamber and seven rounds in the magazine. The government agreed not to oppose a request by the defendant for a sentence at the low end of the defendant's applicable range under the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G."), and that the base offense level under the Guidelines should be decreased by three levels based on the defendant's acceptance of responsibility. In addition, the government agreed not to oppose a request by the defendant for a sentence at the low end of the applicable Sentencing Guidelines range for the hearings on probation violation in United States District Court for the District of Columbia, Criminal Case No. 95-336, and in United States District Court for the Middle District of Pennsylvania, Criminal Case No. 98-336 (which matter has been transferred to the District of Columbia, Case No. 06-PT-337). Finally, the government promised that, after sentencing, it would dismiss Count Two of the indictment, charging the defendant with possession of crack cocaine, as well as D.C. Superior Court Criminal Case No. 2006CMD24007, charging the defendant with carrying a pistol without a license for events occurring on October 28, 2006.

Statutory Penalties

4.      Pursuant to Title 18, United States Code, Section 924(a)(2), the felon in possession of a firearm charge in Count One carries a penalty of imprisonment of not more than 10 years, as well as a period of supervised release of not more than three years, pursuant to Title 18, United States Code, Section 3583, and a fine up to $250,000, pursuant to Title 18, United States Code, Section 3571. In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing pursuant to Title 18, United States Code, Section 3013.

Sentencing Guidelines

5.      Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's total offense level is 21. U.S.S.G. §2K2.1.(a)(2) and §3E1.1. The defendant's total criminal history score is 18 points, placing him in criminal history Category Six. U.S.S.G. Chapter 5, Part A. Accordingly, the defendant's applicable range of incarceration is 77 to 96 months of imprisonment. The Sentencing Guidelines also provide for a period of supervised release of at least two, but not more than three years. U.S.S.G. §5D1.2(a)(2). The fine range under the Sentencing Guidelines is $7,500 to $75,000. U.S.S.G. §5E1.2(c)(3).

Sentencing Recommendation

6.      The government recommends that the defendant be sentenced to 77 months of incarceration, followed by 2 years of supervised release. The government's recommendation, which falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment. The Court

invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

7. In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence of 77 months incarceration, the low end of the defendant's Sentencing Guidelines range, satisfies this goal.

8. A sentence within the Sentencing Guidelines range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history, his conduct during the commission of the crime in the case, and his subsequent criminal conduct. The recommended sentence of 77 months imprisonment is also supported by the factors to be considered by courts as articulated in Title 18, United States Code, Section 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant. Id.

9. The defendant's conduct in this case is consistent with his extensive criminal record. At the time of this offense, the defendant was 37 years of age and had been convicted as an adult on three prior occasions of crimes involving the possession of a weapon, including two prior convictions for the exact same offense to which he pled guilty in the instant case. He has also been convicted, as an adult, of two separate drug distribution related offenses.

10. A sentence at the low end of the defendant's range of incarceration under the Sentencing Guidelines furthers the goals of deterrence and protecting the community from these types of crimes. The defendant is clearly a danger to the community. In this case, the defendant was found in possession of drugs and a firearm. Whether as a buyer or seller of drugs, the defendant's conduct serves to promote the business of drug distribution, perpetuating a business that has a nefarious impact on the community. The drug distribution business is an inherently dangerous activity, subjecting the community to the proliferation of and use of dangerous weapons, particular

firearms, as was possessed by the defendant in this case. See e.g., United States v. Jenkins, 928 F.2d 1175, 1180 (1991) (D.C. Cir. 1991) (permitting government's expert to testify that those who deal drugs typically keep firearms for protection, reasoning that "[w]eapons are, in short, tools of the trade," and admitting ammunition as 404(b) evidence). The defendant's criminal history and conduct in this case demonstrate that he has made habitual use of weapons, and has been involved in criminal activity over the past twenty years. Early release of the defendant would subject the community to further risk of potential gun violence and would signal to the community that these crimes do not carry serious penal consequences. The government's recommended sentence accomplishes the goal of protecting the community from the commission of additional firearm offenses by the defendant himself, as well as serving the goal of deterring other individuals in the community from committing these types of offenses.

11.  With respect to the defendant's rehabilitative needs, the defendant has been placed on probation multiple times in the past, prior to committing the offense in this case. Indeed, the defendant was on supervision in the following two criminal matters at the time he committed the gun offense giving rise to the instant case: a) United States District Court for the District of Columbia, Criminal Case No. 95-336, in which the defendant was convicted of possession of a firearm by a convicted felon; and b) United States District Court for the Middle District of Pennsylvania, Criminal Case No. 98-320 (which matter was transferred to the District of Columbia, Case No. 06-PT-337), in which the defendant was convicted of possession of a knife by a federal inmate. During these periods of probation and supervised release, the defendant was given sufficient opportunity to prove himself to the Court and the community by reforming his behavior. Each and every time, he returned to his life of crime. The defendant's track record suggests he is not amenable to reforming

his behavior and that his premature release would cause likely harm to the community. A sentence consistent with the Sentencing Guidelines range is therefore necessary.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 77 months of incarceration, followed by a 2 year period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782

CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Tony Axam, Esquire, Federal Public Defender, 625 Indiana Ave., N.W., Suite 550, Washington, DC 20004, this 12th day of April, 2007.

_____/s/_____
PERHAM GORJI, AUSA