UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | CRIM. NO. 06-167 (RBW) |
| v.    ) | |
| ) | |
| NATHANIEL TAYLOR,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Nathaniel Taylor, through undersigned counsel, submits the following memorandum in aid of sentencing in this matter. Mr. Taylor requests this Court to sentence him to the low end of the applicable guideline range and to recommend that he receive vocational training while incarcerated.

Nathaniel Taylor appears for sentencing having pled guilty to possession of a firearm by a person previously convicted of a crime punishable by greater than one year incarceration in violation of 18 U.S.C. § 922(g). According to the Probation Office, Mr. Taylor falls into criminal history category VI and is convicted of a crime with an offense level of 24, thereby yielding a sentencing guideline range of 77-96 months.

The Probation Office includes within Mr. Taylor's criminal history a 1989 conviction for Attempted Possession With Intent to Distribute Cocaine, as well as a 1991 conviction for Possession With Intent to Distribute Heroin. See PSI, paragraphs 27 and 28.

The date of conviction of April 7, 1989 and the original date of release incarceration of October 26, 1989, places Mr. Taylor's Attempted Possession With Intent to Distribute Cocaine

conviction outside the applicable fifteen year time period for counting convictions under U.S.S.G. §4A1.2(a). The Probation Office nevertheless uses this conviction to attribute points to Mr. Taylor's criminal history under U.S.S.G. §4A1.2(k) due to reported subsequent revocations of community supervision and incarceration therefor. Mr. Taylor disputes the accuracy of information used to determine these revocations and objects to the offense level and criminal history calculated by the Probation Office.

Mr. Taylor also disputes the accuracy of the information used to determine the details of his 1991 Maryland conviction for Possession With Intent to Distribute Heroin. While the date of conviction of September 4, 1991, falls within the applicable fifteen year time period for counting convictions under U.S.S.G. §4A1.2(e)(1), Mr. Taylor disputes that his original sentence was three years. Rather, he remembers receiving a sentence of probation. If correct, this would signify that this conviction should be counted under U.S.S.G. §4A1.1(e)(2), but only if Mr. Taylor sustained it or was incarcerated under it at some point during the last ten years. The date of conviction is older than ten years and there are no allegations that establish that Mr. Taylor was incarcerated for this conviction during the last ten years.

Mr. Taylor respectfully submits that his 1989 and 1991 drug convictions did not result in convictions or incarceration within the applicable time periods under the sentencing guidelines for including them in his criminal history score.[1] In United States v. Price, this Circuit held that although sentencing courts are no longer bound by the Guidelines and must only consider them

---

[1] If the disputed convictions from 1989 and 1991 are not included in Mr. Taylor's criminal history, his offense level decreases from 24 to 14. See U.S.S.G. §2K.1(a)(6). Also, Mr. Taylor's criminal history category decreases from VI to V, thereby resulting in a sentencing guideline range of 27-33 months after accounting for acceptance of responsibility.

as one of several sentencing factors, when determining the appropriate sentencing range under the Guidelines, courts must continue to follow their strictures. 409 F.3d 436 (D.C. Cir. 2005). In this regard, the government still bears the burden of proving facts that may be relevant in sentencing. Id. at 444.

"[W]hen the defendant calls into dispute a presentence report's description of an alleged prior conviction, the Government must demonstrate that the description in the report is based on a sufficiently reliable source to establish the accuracy of that description." Id. (citing United States v. Richardson, 161 F.3d 728, 737-38 (D.C. Cir. 1998)). While a court document may be sufficiently reliable, examples of sources that are not sufficiently reliable include a docket listing, arrest warrant, police report or prosecutor's proffer. Id.

Here, the PSI does not make the necessary factual allegations and does not provide adequate documentary support for the allegations it includes concerning the 1989 and 1991 convictions. According to the Probation Office, it relied a prior presentence investigation report to provide the details of this 1989 conviction and relied upon a docketing statement to provide the details of the 1991 conviction.

The 1989 conviction should not form the basis for points in Mr. Taylor's criminal history as the Court of Appeals in Price specifically found that a "docket listing" is insufficiently reliable to prove a conviction. Id. While Mr. Taylor acknowledges that a prior pre-sentence report that has been accepted by a court may be more reliable than other sources, it may nevertheless be based upon erroneous or unreliable data. Mr. Taylor has a different memory of the history and sequence of his 1991 conviction, and at this time, he objects to the reliability of, and the sequence included in the presentence investigation report.

Mr. Taylor recognizes that determining the appropriate guideline range is only the first step under Booker. Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner. A sentence within the guideline range of 27-33 months would be adequate to realize the statutory purposes of sentencing in Mr. Taylor's case. This is especially so, given that Mr. Taylor will receive two additional sentences for violations of supervised release in two separate case following his conviction in this matter. In this regard, many of the statutory purposes of sentencing will be satisfied by the immediate case as well as by the two other cases upon which Mr. Taylor faces sentencing.

Mr. Taylor's criminal history reflects the image of someone who has lost the perspective– or never had it– that his life has value. Mr. Taylor has been involved in the criminal justice system since he was fifteen years old and was committed to the D.C. Department of Human Services when he was sixteen. There is no indication that his family has ever been particularly involved in his life, and he has never shared a supportive relationship with anyone who might be considered a role model. Mr. Taylor has many convictions that, like the current one, stem from a poor foundation for recognizing the full gravity of actions. With each conviction he has been imprisoned for periods of time that have grown in duration. While incarcerated, Mr. Taylor has participated in various counseling and educational classes, but has always seemed to return to

criminal behavior. Mr. Taylor confides that although he is familiar with and accustomed to the environment of prison, he has reached a stage of his life in which he is beginning to feel critical of prison-life and the life he has led. With hope, this criticism will assist him with a genuine desire to change.

A sentence within the federal guideline range will certainly reflect the seriousness of Mr. Taylor's crime, punish him, and remove him from society for an extended period. It will serve as a lengthy reminder to Mr. Taylor that his criminal history places him in a category that will from continue to result in harsh sentences of imprisonment should he violate the law. Also, with vocational training, perhaps Mr. Taylor will begin to recognize that his life has value and he can live productively outside of prison. His removal from the ready-access to the streets of D.C. provide will, at a minimum, provide him time to reflect upon the type of person he would like to become. A sentence within the federal sentencing guideline range will beadequate to meet this purpose.

Mr. Taylor understands that he faces a sentencing guideline range requiring imprisonment in this matter with a period of supervised release to follow. He recognizes the poor choices he has made in the past have placed him in this position and has demonstrated his remorse for his actions by accepting full responsibility in this matter early in the proceedings. Having lived a life that he has viewed as expendable, he seeks only the smallest recognition that there is some hope that he can readjust his perspective and improve his condition. A sentence within the federal guideline range would acknowledge that hope while serving society's interest in punishing him.

WHEREFORE, Mr. Taylor respectfully urges the Court to impose a sentence within the applicable guideline range. Mr. Taylor also respectfully requests that this Court recommend that he receive vocational training while incarcerated.

                Respectfully submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER


                _____/s/_____
                Tony Axam, Jr.
                Assistant Federal Public Defender
                625 Indiana Avenue, N.W., Suite 550
                Washington, DC  20004
                (202) 208-7500